HUDSON MFG. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 6, 1912.)

No. 2,302.

Food (§ 7*)—Misbranding—Hudson's Extract.

Where there was no proof that the words "Hudson's Extract" had a well-known trade meaning, an imitation of vanilla, marked "Hudson's Extract," without giving any indication of what the article was composed, constituted misbranding, in violation of the pure food law (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]).

[Ed. Note.—For other cases, see Food, Dec. Dig. § 7.*

What constitutes a violation of pure food regulations, see note to Brina v. United States, 105 C. C. A. 559.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Eastern District of Louisiana.

Proceeding by the United States to condemn certain alleged misbranded extract claimed by the Hudson Manufacturing Company. Judgment for plaintiff, and claimant brings error. Affirmed.

Scott E. Beer and Edward M. Robbert, for plaintiff in error.

Charlton R. Beattie, U. S. Atty. (Louis H. Burns, Asst. U. S. Atty., on the brief), for the United States.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. Where there is no proof that the words "Hudson's Extract" have a well-known trade meaning, an imitation of vanilla marked "Hudson's Extract," without giving any indication of what the article is composed, shows a clear case of misbranding under the pure food law.

The judgment of the District Court is affirmed.